UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GUILLERMO ENRIQUE**
**MIELES-CHICHANDA,**

    Movant,

v.

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

Civil Case No. 8:22-cv-789-MSS-AEP
Crim. Case No. 8:19-cr-173-MSS-AEP

**O R D E R**

Guillermo Enrique Mieles-Chichanda moves under 28 U.S.C. § 2255 to vacate his convictions for conspiracy to distribute, and possession with intent to distribute, cocaine while aboard a vessel subject to the jurisdiction of the United States, for which he serves a sentence of 121 months. (Civ. Docs. 1 and 2) The United States opposes the motion. (Civ. Doc. 7) Mieles-Chichanda did not reply to the United States' response despite having an opportunity to do so. Upon consideration of the motion, the response, and the record, the Court dismisses Mieles-Chichanda's Section 2255 motion as untimely.

**I.    Background**

Mieles-Chichanda pleaded guilty without a plea agreement to a two-count indictment charging him with conspiracy to distribute, and possession with intent to distribute, five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii). (Crim. Docs. 1, 145 at ¶ 19, and 159) On

November 7, 2019, the district court adjudicated Mieles-Chichanda guilty and sentenced him to a term of imprisonment of 121 months. (Crim. Docs. 154–59) Mieles-Chichanda filed no appeal.

## II.     Discussion

On March 23, 2022, Mieles-Chichanda initiated this action by filing a motion under 28 U.S.C. § 2255 to vacate his convictions and sentence in which he raises two grounds for relief. (Civ. Docs. 1 and 2) Mieles-Chichanda claims his counsel was ineffective for not challenging the district court's jurisdiction (Ground One) and not explaining his appellate rights or filing a notice of appeal (Ground Two). The United States responds that the claims are untimely, procedurally defaulted, and meritless. (Civ. Doc. 7)

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations for filing a Section 2255 motion to vacate or correct sentence. 28 U.S.C. § 2255(f).  Under Section 2255(f)(1), the limitations period begins to run from "the date on which the judgment of conviction becomes final."  If a defendant does not appeal, his conviction becomes final upon the expiration of the period for filing a timely notice of appeal, or 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A); *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000).

A judgment was entered against Mieles-Chichanda on November 7, 2019. (Crim. Doc. 159)  The judgment became final 14 days later, on November 21, 2019. Mieles-Chichanda had until November 21, 2020, to file his Section 2255 motion. He did not file his Section 2255 motion until March 23, 2022, approximately 16 months

2

after the November 21, 2020, deadline. Because Mieles-Chichanda did not file the Section 2255 motion until 16 months after the filing deadline, his claims of ineffective assistance of counsel as presented in Grounds One and Two are untimely under Section 2255(f)(1).[1]

When asked to explain why the one-year statute of limitations in Section 2255(f) does not bar his claims, Mieles-Chichanda states that counsel was ineffective for not explaining his appellate rights or filing a notice of appeal. (Civ. Doc. 1 at 12; Civ. Doc. 2 at 6) Also, he writes the following (Civ. Doc. 1 at 13):

> please, did not denied his motion for this form-application at pandemic Covid-19 lock down prison N.L.C. Facility, this form was law library is open one-day for week-no more access day has the movants.

Affording the motion a generous interpretation, Mieles-Chichanda appears to assert entitlement to equitable tolling of the limitation period because (1) counsel was ineffective, (2) he lacks proficiency in English, and (3) COVID-19 pandemic restrictions interfered with his ability to obtain necessary legal resources.

To toll the limitation period, the movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotations omitted). "[E]quitable tolling is an extraordinary remedy which is

---

[1] Mieles-Chichanda does not identify an "impediment . . . created by governmental action in violation of the Constitution or laws of the United States" that prevented him from timely filing his claims under Section 2255(f)(2). Nor does he identify a newly retroactive United States Supreme Court case to render his motion timely under Section 2255(f)(3).

typically applied sparingly." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004) (quotations omitted). "The focus of the inquiry regarding extraordinary circumstances is on the circumstances surrounding the late filing of the habeas petition . . . and whether the conduct of others prevented the petitioner from timely filing." *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006) (quotations omitted). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Dodd*, 365 F.3d at 1282 (quotations omitted). "Mere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

### A.   Counsel's Ineffectiveness

Mieles-Chichanda argues that counsel was ineffective for not explaining his appellate rights or filing a notice of appeal. Construing this assertion broadly, he appears to assert that counsel's ineffectiveness in not explaining and preserving his appellate rights excuses his failure to timely file his Section 2255 motion.

Mieles-Chichanda fails to show that he exercised reasonable diligence in pursuing his rights because he describes no action that he took to preserve his rights in the relevant period between the finality of his criminal judgment and the deadline to file his Section 2255 motion. In fact, he does not claim that he attempted to contact counsel or obtain information about the status of his criminal case. *See Vahlkamp v. Sec'y, DOC*, No. 21-14052, 2022 WL 17752230, at *2 (11th Cir. Dec. 19, 2022) ("[The defendant] bore the burden to prove that he, not his counsel, independently exercised reasonable diligence."). Furthermore, Mieles-Chichanda neglects to identify when he

discovered the facts that support his allegations (*i.e.,* that counsel had not explained his appellate rights and filed no appeal), nor does he describe any effort he made to discover those facts. His conclusory allegations of counsel's ineffectiveness are insufficient to demonstrate he diligently pursued his rights. *See San Martin*, 633 F. 3d at 1269.

Furthermore, accepting as true that counsel neglected to explain and preserve Mieles-Chichanda's appellate rights, Mieles-Chichanda's misunderstanding about the status of his criminal case is not an extraordinary circumstance warranting equitable tolling. "[The Eleventh Circuit] has not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion." *Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013)[2] (citing *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating that "procedural ignorance [has never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness")); *see also Jones v. United States*, 304 F.3d 1035, 1044 (11th Cir. 2022) ("[I]gnorance of the law is [an] insufficient rationale for equitable tolling[.]"); *Spears v. Warden*, 605 F. App'x 900, 904 (11th Cir. 2015) ("[W]e have not accepted a lack of legal education as an excuse for a failure to file in a timely fashion."). Significantly, "pro se litigants, like all others, are deemed to know of the one-year statute of limitations." *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007).

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2; *see also United States v. Futrell*, 209 F.3d 1286, 1289 (11th Cir. 2000) (same).

Consequently, Mieles-Chichanda fails to meet his burden to show that counsel's alleged ineffectiveness in not explaining his appellate rights and not filing a notice of appeal justifies equitable tolling of the statute of limitations.

Additionally, Mieles-Chichanda is not entitled to an evidentiary hearing on whether counsel's alleged ineffectiveness in not explaining or preserving his appellate rights excuses his failure to timely file this Section 2255 action. "The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (quoting 28 U.S.C. § 2255(b)). "The district court should order an evidentiary hearing and rule on the merits of a petitioner's claim, however, 'if the petitioner alleges facts that, if true, would entitle him to relief.'" *Id*. (quoting *Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002)). "Nevertheless, an evidentiary hearing is unnecessary when the petitioner's allegations are 'affirmatively contradicted by the record' or if such claims are 'patently frivolous.'" *Id*. (quoting *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989)).

Here, Mieles-Chichanda's claim (that counsel was ineffective for not explaining his appellate rights or filing a notice of appeal) is affirmatively contradicted by the record. After the time for filing a direct appeal expired, on November 26, 2019, Mieles-Chichanda filed a Notice to the Court Regarding His Appellate Rights. (Crim. Doc. 168) In that Notice, he affirmed that he was made aware by both the district court and counsel of his right to appeal within 14 days. Mieles-Chichanda initialed the line next to the statement, "I do not wish to file a notice of appeal[,]" and signed and dated the

6

form. Furthermore, the form states that it was interpreted for Mieles-Chichanda by staff interpreter James W. Plunkett. Consequently, Mieles-Chichanda's claim that counsel failed to explain or preserve his appellate rights is affirmatively contradicted by his Notice stating the opposite.

### B.     Lack of English Proficiency

The Court generously construes Mieles-Chichanda's motion to include an assertion that his lack of proficiency in English excuses his late filing. However, a lack of proficiency in English does not constitute an extraordinary circumstance that tolls the limitation period. "An extraordinary circumstance exists only if the delay is 'unavoidable even with diligence.'" *Cerrito v. Cerrito v. Sec'y, Dep't of Corr.*, 693 F. App'x 790, 792 (11th Cir. 2017) (quoting *Steed v. Head*, 219 F. 3d 1298, 1300 (11th Cir. 2000)) (ruling that the inability to understand English, the inability to read beyond a second-grade level, and the inaccessibility of a bilingual inmate law clerk were not exceptional circumstances under which an untimely filing was unavoidable even with diligence); *Aureoles v. Sec'y, Dep't of Corr.*, 609 F. App'x 623, 624 (11th Cir. 2015) ("[Defendant's] allegations of an inability to understand English and a lack of formal education did not establish extraordinary circumstances that warranted equitable tolling."); *Rivers*, 416 F.3d at 1323 (ruling that the defendant's lack of education did not warrant equitable tolling when he "fail[ed] to set out just what efforts he made to obtain the necessary records or to explain what amount of time lapse is fairly attributable to the state clerk's delay"); *United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (finding that "difficulties with the English language" did not

7

constitute an extraordinary circumstance to justify equitable tolling and citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that the "inability to read and speak English is not in itself a sufficient basis for equitabl[e] tolling")). Pro se litigants are presumed to know of the one-year statute of limitations even when they lack English-language proficiency. *See Perez*, 519 F. App'x at 997; *DeLeon v. Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) ("An inability to understand English does not constitute extraordinary circumstances justifying equitable tolling.").

Furthermore, Mieles-Chichanda fails to show that he diligently pursued his rights despite his lack of proficiency in English. "'To show diligence, a petitioner must provide details of the specific actions taken toward filing the petition,' such as 'when he found out about the library's alleged deficiency, any independent efforts he made to determine when the relevant limitations period began to run, and how the prison thwarted his efforts.'" *Cerrito*, 693 F. App'x at 792–93 (quoting *Arthur v. Allen*, 452 F.3d 1234, 1253 (11th Cir. 2006)) (alterations omitted) ("Cerrito did not allege when he discovered that the prison library did not have documents in Spanish, what measures he took to procure the material and assistance that he needed, or how the prison slowed his progress."). Mieles-Chichanda neglects to describe any efforts he made to overcome his lack of proficiency in English, such as requesting legal materials that he was capable of reading or obtaining assistance from a bilingual inmate. Consequently, he fails to meet his burden to show that his lack of English proficiency justifies equitable tolling of the statute of limitations.

### C. COVID-19 Pandemic Restrictions

8

Mieles-Chichanda vaguely implies that COVID-19 pandemic restrictions at the prison curtailed his access to the law library and unidentified legal forms. However, even construing this assertion generously, he fails to show that prison restrictions related to the COVID-19 pandemic prevented him from timely filing his Section 2255 motion. "[The Eleventh Circuit] has recognized that, under its precedent, lockdowns and periods in which a prisoner is separated from his legal papers are not extraordinary circumstances in which equitable tolling is appropriate." *Powell v. United States*, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022) (ruling that COVID-19 pandemic restrictions did not constitute extraordinary circumstances warranting equitable tolling) (quoting *Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004)). Mieles-Chichanda neglects to describe how pandemic restrictions in the prison prevented his timely filing or interfered with his access to legal resources.

### III.   Conclusion

Mieles-Chichanda shows neither that he pursued his rights diligently nor that extraordinary circumstances prevented him from timely filing his Section 2255 motion. He fails to meet his burden of demonstrating that the extraordinary remedy of equitable tolling is warranted. Therefore, his motion under Section 2255 (Civ. Doc. 1) is **DISMISSED as time-barred.** The Clerk is directed to enter judgment against Mieles-Chichanda, to close this case, and to enter a copy of this order in the criminal action.

**DENIAL OF A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

9

Mieles-Chichanda has no absolute right to appeal the dismissal of his Section 2255 motion. 28 U.S.C. § 2253(c)(1). The district court must first issue a certificate of appealability ("COA"). *Id.* A COA will issue only if the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, the movant must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Where, as here, claims have been rejected on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the [Section 2255] motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Webster v. Moore*, 199 F.3d 1256, 1257 n.2 (11th Cir. 2000) (dismissal of habeas petition as time-barred is procedural). Mieles-Chichanda cannot make that showing. And, because he is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** in Tampa, Florida, this 29th day of December, 2023.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE